**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CYRUS ONE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 C 272 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| THE CITY OF AURORA, ILLINOIS and | ) | |
| SCIENTEL SOLUTIONS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are defendants' motions to dismiss plaintiff's first amended complaint [26] and [31] pursuant to Federal Rule of Civil Procedure 12(b)(6) and Defendant Scientel Solution LLC's motion for judicial notice [41] pursuant to Federal Rule of Evidence 201. For the following reasons, the motions to dismiss are granted in part and denied in part, and the motion for judicial notice is denied as moot. CyrusOne is given leave to file a second amended complaint consistent with this Order by August 7, 2018. In light of this ruling, CyrusOne's motion for preliminary injunction [67] is denied without prejudice; the City's motion to strike [81] is denied as moot; and CyrusOne's motion to file an amended declaration in support of preliminary injunction [96] is denied as moot. Status hearing previously set for July 17, 2018 is stricken and reset to August 14, 2018 at 9:30 a.m.

**BACKGROUND**

Plaintiff CyrusOne LLC ("CyrusOne") alleges the following facts in its first amended complaint, which this Court accepts as true for purposes of this motion and draws all reasonable inferences in CyrusOne's favor.

This case involves a battle between two telecommunication towers. The first tower belongs to CyrusOne. CyrusOne provides data center co-location facilities and maintains a Data Center located in Aurora, Illinois. The Data Center hosts the trading infrastructure for the Chicago Mercantile Exchange ("CME"). CyrusOne planned to construct a 350-foot telecommunications tower that would provide services to the Data Center and the CME.

On March 14, 2017, defendant City of Aurora (the "City") granted CyrusOne a special use permit and approved a variance for the CyrusOne tower. The City also amended its telecommunications ordinance so as to require any entity proposing a new tower to demonstrate that it does not have the ability to utilize an existing tower. CyrusOne alleges that its 350-foot telecommunications tower was "meant to be a co-location tower that would resolve the frequency congestion issues in the area and equalize wireless access to the CME." (Dkt. 17, pg. 4.)

On June 7, 2017, defendant Scientel applied to the City for permission to construct a 195-foot communications tower (the second tower) and develop property that is adjacent to and directly east of the CyrusOne property. Scientel's application had three proposals: (1) revising the development plan; (2) revising the City of Aurora's Comprehensive Plan; and (2) an ordinance (the "Ordinance") granting a special use permit and separation variance for construction of the proposed telecommunications tower.

On September 20, 2017, the Aurora Planning Commission held a public hearing on Scientel's application. CyrusOne participated in the hearing. It presented testimony but was denied the opportunity to cross-examine Scientel's witnesses. Following the hearing, the Aurora Planning Commission recommended that Scientel's application be approved. The Aurora City Council Planning and Development Committee approved the application. The City Council

Committee of the Whole considered the application but referred the matter to the full City Council as unfinished business. The matter was then tabled by the City Council for 2 weeks.

On November 14, 2017, the City Council voted against granting Scientel's request for a variance and special use permit.

On November 28, 2017, the City Council voted to reconsider its decision so that it could make the required findings of fact as required by statute and case law.

On January 9, 2018, the City Council reconsidered Scientel's application. During this session, Scientel presented new information—information that was not before the City Council at the time of its prior decision and was not part of the public record. CyrusOne did not have the opportunity to cross-examine Scientel's witnesses or provide rebuttal testimony. Following the hearing, the City Council granted Scientel's application.

CyrusOne filed suit, challenging the City's decision to grant the Ordinance and approve construction of the Scientel tower. In its amended complaint, CyrusOne alleges a violation of 47 U.S.C. §253(a) (Count I); a violation of 47 U.S.C. §332(c)(7)(B)(iii) (Count II); a violation of several Illinois Ordinances (Count III); a due process violation (Count IV); and injunctive relief (Count V). Defendants move to dismiss the amended complaint in its entirety.

## STANDARD

The purpose of a Rule 12(b) motion to dismiss is to test the sufficiency of the complaint, not decide the merits of the case. *Derfus v. City of Chi.*, 42 F. Supp. 3d 888, 893 (7th Cir. 2014). To survive a motion to dismiss pursuant to Rule 12(b)(6), a pleading that purports to state a claim for relief must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this standard when its factual allegations "raise a right to relief above the speculative

level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of a motion to dismiss, the Court accepts "as true all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff." *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017). Generally, the court considers "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice" when ruling on a 12(b)(6) motion to dismiss. *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 604 (7th Cir. 2013) (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 745-46 n. 1 (7th Cir. 2012)).

## DISCUSSION

### Count I – Violation of 47 U.S.C. 253(a)

CyrusOne alleges that the Ordinance violates 47 U.S.C. §253(a) of the Telecommunications Act ("TCA") because it has the effect of prohibiting CyrusOne's ability to provide telecommunication services and the Ordinance is not in service of the legitimate goals provided for in 47 U.S.C. §253(b) and (c). CyrusOne asks the Court to declare that the Ordinance, pursuant to the Supremacy Clause, is preempted by 47 U.S.C. §253(a).

Defendants move to dismiss, first arguing that CyrusOne has not plausibly alleged that it is a provider of telecommunications services under the TCA sufficient to establish a §253(a) claim. Defendants say that, although CyrusOne will provide a structural platform for customers who may provide telecommunications services, CyrusOne is not itself a provider of telecommunications service under the TCA. CyrusOne responds that it plausibly alleged that is a telecommunications provider because it alleged that it will offer infrastructure—"a 350-foot telecommunications tower"—that will "serve every wireless network and telecommunications

4

link requiring connection" to the CME. (Dkt. 38, pg. 7.) CyrusOne also says that it is a "wholesale telecommunications provider" within the meaning of the TCA.

Section 253(a) of the TCA provides:

(a) In general

No State or local statute or regulation, or other State or local legal requirement, may prohibit or have the effect of prohibiting the ability of any entity to provide any interstate or intrastate telecommunications service.

47 U.S.C. §253(a). Sections 253(b) and (c) are safe harbor provisions that preserve the rights of state and local governments to impose necessary requirements to advance universal service, protect public safety and welfare, ensure the continued quality of telecommunications services, safeguard the rights of consumers, manage the public right-of-way, and establish rates on a competitively neutral and nondiscriminatory basis. 47 U.S.C. §253(b), (c).

Under the TCA, a "common carrier" or "carrier," is defined as "any person engaged as a common carrier for hire, in interstate or foreign communication by wire or radio or interstate or foreign radio transmission of energy." 47 U.S.C. §153(11). A "telecommunications carrier" is, with an irrelevant exception, defined as a "provider of telecommunications services."[1] 47 U.S.C. §153(51). The term "telecommunications service" is defined as "the offering of telecommunications for a fee directly to the public, or to such classes of users as to be effectively available directly to the public, regardless of the facilities used." 47 U.S.C. §153(53). "Telecommunications" is defined as "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or the content of the

---

[1] The term "telecommunications carrier" and "common carrier" have essentially the same meaning under the TCA. *See Iowa Telecomms. Servs., Inc. v. Iowa Util. Bd.*, 563, F.3d 743, 746 (8th Cir. 2009).

information as sent and received." 47 U.S.C. §153(50). In other words, a provider of telecommunications service offers the transmission of information to the public.

Here, CyrusOne fails to plausibly allege that it is a provider of telecommunications service under the TCA. While CyrusOne alleges that it will construct a tower, provide infrastructure, and serve telecommunications providers, CyrusOne does not allege that it will provide telecommunications service. Serving telecommunications providers is not the same as providing telecommunications service.

To the extent that CyrusOne argues it is a "wholesale telecommunications provider" within the meaning of the TCA, the authorities cited by CyrusOne are not persuasive, and CyrusOne's argument is not well-developed. In *Iowa Telecomms. Servs., Inc. v. Iowa Utils. Bd.*, 563 F.3d 743 (8th Cir. 2009), when determining whether Sprint was a telecommunications carrier, the court considered whether Sprint was required to make its contracts and rates publicly available. The availability of CyrusOne's contracts and rates is not at issue here. In *Crown Castle NG E. Inc. v. Town of Greenburgh*, No. 12-CV-6157(CS), 2013 WL 3357169 (S.D.N.Y. July 3, 2013), the court did not make a determination as to whether the plaintiff had plausibly pleaded that it was offering to provide telecommunications service under the TCA.

Based on the plain language of the statute, and the lack of support and analysis regarding CyrusOne's theory that it is a "wholesale telecommunications provider," CyrusOne has not plausibly alleged a §253(a) claim. Accordingly, Count I of the first amended complaint is dismissed without prejudice.

### Count II – Violation of 47 U.S.C. 332(c)(7)(B)(iii)

CyrusOne alleges that the City violated 47 U.S.C. §332(c)(7)(B)(iii) when it granted Scientel's application and enacted the Ordinance. CyrusOne says that the City effectively

created a "post-hoc denial" of CyrusOne's special use permit as originally drafted because the Scientel tower will significantly obstruct wireless access to CyrusOne's tower. CyrusOne also alleges that the City violated §332(c)(7)(B)(iii) because it did not support it decision to grant Scientel's application with substantial evidence in a written record.

Defendants move to dismiss, arguing, among other things, that CyrusOne has not plausibly alleged a §332(c)(7)(B)(iii) violation because that section only applies to a municipality's decision to *deny* a request to place, construct, or modify a personal wireless facility. Defendants say that, because this case involves the *granting* of two applications, §332(c)(7)(B)(iii) does not apply. The Court agrees.

Section 332(c)(7)(B)(iii) of the TCA provides:

> Any decision by a State or local government or instrumentality thereof to *deny* a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record.

47 U.S.C. §332(c)(7)(B)(iii) (emphasis added). The plain language of the statute shows that §332(c)(7)(B)(iii) applies to denials only—it does not recognize "post-hoc denials."

CyrusOne cites two cases in an attempt to support its "post-hoc denial" theory: *USCOC of Virginia RSA #3 v. Montogmery Cty Bd. Of Supervisors*, 245 F. Supp. 2d 817 (W.D. Va. 2003) and *U.S.C.O.C. of N.H. RSA No. 2 v. Town of Dunbarton*, 04-CV-304-JD, 2005 WL 906354 (D.N.H. Apr. 20, 2005). In both cases, the local municipalities denied an application to build a large tower but granted an application to construct a smaller tower. The applicants brought suit, challenging the denial of their applications. The dissatisfied applicants argued that each decision was not based upon substantial evidence in violation of §332(c)(7)(B)(iii).

Unlike the cases cited by CyrusOne, the City granted CyrusOne's special use permit and granted Scientel's application. At no time did the City issue a decision denying a request by

CyrusOne to place, construct, or modify personal wireless service facilities. CyrusOne has not cited, and the Court has been unable to find, any published authority that supports the theory of a "post-hoc denial" violation under §332(c)(7)(B)(iii). Accordingly, §332(c)(7)(B)(iii) does not apply to the case at bar, and CyrusOne's §332(c)(7)(B)(iii) claim is dismissed with prejudice

***Counts III and IV – State Law Claims***

In every case, a federal court must first assure itself that it has jurisdiction over the claims before it. *Scott Air Force Base Prop., LLC v. County of St. Clair Ill.*, 548 F.3d 516, 520 (7th Cir. 2008). A party seeking to avail itself of a federal court's jurisdiction bears the burden of establishing jurisdiction "with the manner and degree of evidence required at the successive stages of litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The Court has dismissed CyrusOne's federal claims, and the only remaining claims are state law claims. A district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c)(3). The Court declines to exercise supplemental jurisdiction over CyrusOne's remaining state law claims.

However, if CyrusOne is able to establish diversity jurisdiction, the Court will evaluate CyrusOne's state law claims. To establish diversity jurisdiction, CyrusOne must, among other things, allege the citizenship of each party. The citizenship of an LLC is the citizenship of each of the LLC's members. *Thomas v. Guardsmark*, LLC, 487 F.3d 531, 534 (7th Cir. 2007). In the first amended complaint, CyrusOne adequately alleges its citizenship (Maryland and Texas) and the City's citizenship (Illinois). It fails, however, to adequately allege the citizenship of Scientel. CyrusOne states that Scientel is a Delaware limited liability corporation, and that, "upon information or belief, Scientel's members, and thus Scientel, are domiciled in and are citizens of

Illinois." (Dkt. 17, ¶ 5.) But CyrusOne does not identify the members of Scientel or the citizenship of those members and therefore has not established diversity jurisdiction. *See Hart v. Terminex Intern.*, 336 F.3d 541, 542-43 (7th Cir. 2003) ("the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be") (dismissing case for want of jurisdiction despite "[s]even years of wasted litigation" at the district court) (internal citations omitted). Because the Court is unable to determine whether diversity jurisdiction exists, it will not consider Counts III and IV at this time. Defendants' motions to dismiss Counts III and IV are denied as moot.

***Motion for Judicial Notice***

Given the Court's ruling on Counts I and II, Scientel's Motion for Judicial Notice is denied as moot.

**CONCLUSION**

For the aforemention reasons, the motions to dismiss [26] and [31] are granted in part and denied in part, and Scientel's motion for judicial notice [41] is denied as moot. CyrusOne is given leave to file a second amended complaint consistent with this Order by August 7, 2018.

In light of this ruling, CyrusOne's motion for preliminary injunction [67] is denied without prejudice; the City's motion to strike [81] is denied as moot; and CyrusOne's motion to file an amended declaration in support of preliminary injunction [96] is denied as moot. Status hearing previously set for July 17, 2018 is stricken and reset to August 14, 2018 at 9:30 a.m.

**SO ORDERED.**                                    **ENTERED: July 16, 2018**

                                                   _____
                                                   **HON. JORGE ALONSO**
                                                   **United States District Judge**