IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYRUSONE LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF AURORA, ILLINOIS, SCIENTEL SOLUTIONS LLC, <br><br> Defendants. | Case No. 1:18-cv-00272 <br><br> Hon. Jorge L. Alonso <br><br> Magistrate Judge Sidney Schenkier |

**CYRUSONE'S MOTION TO AMEND THE COURT'S JULY 16, 2018 ORDER**

Plaintiff CyrusOne LLC ("CyrusOne") respectfully moves this Court, pursuant to Fed.R.Civ.P. 59(e), to amend its July 16, 2018 memorandum opinion and order (Dkt. 101) ("Opinion and Order") "declin[ing] to exercise supplemental jurisdiction over CyrusOne's remaining state law claims" and "giv[ing] leave to file a second amended complaint consistent with this Order by August 7, 2018." (Dkt. 101, at 8-9). Amendment of this Opinion and Order is appropriate as the record in this action already contains clear evidence of the establishment of diversity jurisdiction.

1. The complaint in this action was originally filed on January 12, 2018.

2. As ordered by this Court (*see* Dkt. 15), an amended complaint was filed on January 24, 2018 (the "First Amended Verified Complaint" or "FAC") (Dkt. 17), "to include Scientel Solutions LLC as a party." (Dkt. 15). The Court has determined that diversity as between the City of Aurora ("the City") and CyrusOne already exists. (Dkt. 101, at 8).

3. The First Amended Verified Complaint states that Plaintiff "CyrusOne, LLC's sole member is CyrusOne LP, a Maryland limited partnership. The sole partner of CyrusOne LP is

CyrusOne GP, a Maryland general partnership. The sole partner of CyrusOne GP is CyrusOne Inc., a Maryland corporation with its principal place of business in Dallas, Texas. Accordingly, CyrusOne, LLC is a citizen of Maryland and Texas." (*Id.* ¶ 4).

4. The First Amended Verified Complaint also states that "Defendant Scientel Solutions LLC is a Delaware limited liability corporation. Upon information and belief, Scientel's members, and thus Scientel, are domiciled in and are citizens of Illinois. Scientel is joined as a party pursuant to the Court's January 18, 2018 Order." (FAC, Dkt. 17, ¶ 5).

5. Further, the First Amended Verified Complaint states that "[t]his Court also has diversity jurisdiction over this action because there is complete diversity between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332." (*Id.* ¶ 8).

6. Finally, the First Amended Verified Complaint states "[v]enue is proper in this district because Defendants are located in this district and because "a substantial part of the events or omission giving rise to the claims occurred" in this district. 28 U.S.C. § 1391(b)(2); *see id.* § 1381(b)(1)." (FAC, Dkt. 17, ¶ 11).

7. Defendant Scientel Solutions LLC ("Scientel") has admitted each of the above jurisdiction and venue statements from the First Amended Complaint in its Answer. (See Dkt. 35).

8. Scientel admitted that Scientel Solutions LLC is a Delaware limited liability corporation and that "**Scientel's members, and thus Scientel, are domiciled in and are citizens of Illinois**." (See Dkt. 35, ¶ 5) (emphasis added).

9. Scientel admitted that this Court has diversity jurisdiction and there is complete diversity between the parties and the amount in controversy exceeds $75,000. (Dkt. 35, ¶ 8).

10. Further, Scientel admitted that "venue in this district is proper." (Dkt. 35, ¶ 11).[1]

11. Additional evidence as to the members of Scientel is found in its responses to the Mandatory Disclosures required by this Court, attached as Exhibit 1, and the deposition of Nelson Santos, attached as Exhibit 2. *See* Ex. 1, at 1-2, ¶ 1(a); Ex. 2, at 4:11-13, 13:5-6, 14:14-19.

12. All of the direct admissions by Scientel are admissible evidence in any context considered by the Court and have been part of the record of this case since March 8, 2018. *Prizevoits v. Ind. Bell Tele. Co.*, 76 F.3d 132, 134 (7th Cir. 1996) (holding that "[a] court is not required to conduct a searching inquiry into the truth of every uncontested jurisdictional allegation," and thus federal jurisdiction sufficiently established where "the plaintiff in a diversity suit alleges, and the defendant admits" its state of incorporation); *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 384 (7th Cir. 2001) ("[U]ncontested factual stipulations can resolve a jurisdictional question. District courts are not required to second-guess the parties' stipulations to jurisdictional facts." (citation omitted) (citing *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 999-1000 (7th Cir. 2000))).

13. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present new discovered evidence." *Caisse Nationale De Credit Argicole v. CBI Indus., Inc.*, 90 F. 3d 1264, 1269-70 (7th Cir. 1996) (internal citations omitted). "Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rule of Civil Procedure." *Stanley v. Posner*, No. 09-223-DRH, 2009 WL 3230320, at *1

---

[1] Aside from these admissions, Scientel failed to comply with either Fed. R. Civ. P. 7.1 or L.R. 3.2 which would have added further evidence to the record.

(S.D. Ill. Oct. 5, 2009) (citing, e.g., *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992)). "A court may alter or amend a judgment under Federal Rule of Civil Procedure 59(e) when the movant 'clearly establish[es]' that 'there is newly discovered evidence or there has been a manifest error of law or fact.'" *Chi. United Indus. v. City of Chi.*, 739 F. Supp. 2d 1043, 1046-47 (N.D. Ill. 2010) (alteration in original) (quoting *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006)). The decision to grant or deny a Rule 59(e) motion is within the Court's discretion. *See Pickett v. Prince*, 297 F.3d 402, 407 (7th Cir. 2000); *LB Credit Corp. v. Resolution Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995).

14. As a result, based on the record in this action and the clear admissions by Scientel the Court made a manifest error of fact as to the record evidence of diversity jurisdiction. *See Baker v. Lindgren*, 856 F.3d 498, 507 (7th Cir. 2017) (court's "misapprehension" of facts contained in filing "certainly qualifies as a manifest error of fact"); *Enginetec Corp. v. Boutin*, No. 4:08CV985, 2008 WL 11380215, at *3 (N.D. Ohio Dec. 5, 2008) (manifest error of law or fact committed where court "disregarded or overlooked a material argument . . . in [its] original opinion").

WHEREFORE, for the reasons set forth above, CyrusOne respectfully requests that this Court amend its July 16, 2018 Opinion and Order "declin[ing] to exercise supplemental jurisdiction over CyrusOne's remaining state law claims" and "giv[ing] leave to file a second amended complaint consistent with this Order by August 7, 2018." It is clear from the record in the matter that diversity jurisdiction was established by facts plead in the First Amended Complaint and Defendant Scientel's admissions (as well as omissions relative to Federal and Local Rules required submissions). The July 16, 2018 Opinion and Order should be amended to reflect that there is diversity jurisdiction and no further pleading is required. Additionally, CyrusOne should

be allowed to file its Motion for Preliminary Injunction on the Count III and IV claims immediately without further delay to permit the Court's consideration and hearing on a preliminary injunction.

Dated: July 18, 2018

                                            Respectfully submitted,

                                            By: /s/ Robert E. Browne, Jr.
                                                  Attorneys for Plaintiff CyrusOne LLC

William M. Droze (Pro Hac Vice)
Robert E. Browne, Jr. (Atty No. 6255678)
Kevin G. Desharnais (Atty No. 6211688)
TROUTMAN SANDERS LLP
One North Wacker Dr., Ste. 2905
Chicago, IL 60606
312.759.1920
773.877.3739 (Fax)
robert.browne@troutman.com
kevin.desharnais@troutman.com
william.droze@troutman.com

David S. Silverman
Ellen K. Emery
Stephen M. Soltanzadeh
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
(312) 782-7606
(312) 782-0943 (Fax)
dsilverman@ancelglink.com
ssoltanzadeh@ancelglink.com
eemery@ancelglink.com

*Attorneys for CyrusOne LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 18, 2018, the above and foregoing document was served to all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Robert E. Browne, Jr.

Robert E. Browne, Jr. (Atty No. 6255678)
TROUTMAN SANDERS LLP
One North Wacker Dr., Ste. 2905
Chicago, IL 60606
312.759.1920
Email: robert.browne@troutman.com