IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CYRUSONE LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CITY OF AURORA, ILLINOIS, SCIENTEL SOLUTIONS LLC,<br><br>    Defendants. | Case No. 1:18-cv-00272<br><br>Hon. Jorge L. Alonso<br><br>Magistrate Judge Sidney Schenkier |

### SCIENTEL SOLUTIONS LLC'S MOTION TO EXCLUDE TESTIMONY ON INTERFERENCE

This case involves the classic example of a party trying to use privilege as both a "sword and a shield." *Trading Techs. Intern., Inc. v. eSpeed, Inc.*, 431 F. Supp. 2d 834, 839 (N.D. Ill. 2006). CyrusOne LLC has made it abundantly clear to the Court that the alleged irreparable injury requiring preliminary injunctive relief stems from the possible "interference" caused by the planned Scientel Solutions LLC telecommunications tower. (Doc. 68, pp. 8-9; 98, pp. 2-4).

To support this interference theory, CyrusOne has engaged Marty Snyder of Communications Infrastructure Corporation (CIC). Snyder has submitted multiple Declarations in support of CyrusOne's requests for a temporary restraining order and a preliminary injunction. In that testimony, Snyder discusses and appears to give opinions on the "potential" for line-of-sight and radio frequency interference if Scientel builds its tower. (Doc. 7-5, ¶¶ 8-14; Doc. 68-4, ¶¶ 8, 9, 11). To be sure, the *only* testimony

1

relevant to interference can come from an expert, because Scientel still has not built its tower. Nor has any customer mounted antennae on the recently completed CyrusOne tower. No facts about interference *could* exist.

Because of CyrusOne's singular reliance on Snyder, Scientel subpoenaed him and CIC for documents, all of which were tailored to unearthing Snyder's methods and procedures for offering an interference opinion. (Ex. A). CyrusOne heartily endorsed the information sought in those subpoenas, as it later issued near-identical subpoenas to Motorola Solutions, Inc. and Pyramid Network Services, LLC in which CyrusOne copied *verbatim* the very document requests Scientel served on Snyder. (Ex. B).

CyrusOne responded to the Snyder/CIC subpoenas by stating that each was "an expert who has been retained by CyrusOne in anticipation of litigation and to prepare for trial." (Ex. C, p. 1). As to each of the 11 document requests contained on the subpoena rider, CyrusOne invoked the "attorney-client privilege, work product privilege, or any other privilege or immunity," citing *Federal Rule of Civil Procedure 26(b)(4)*. To date, it has produced nothing from CIC and Snyder.

Each response to the subpoena reveals—unmistakably—that CyrusOne has designated Snyder as a non-testifying consulting expert. Subpart (D) of *Rule 26(b)(4)* provides that a party may not take discovery from "an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." FED. R. CIV. P. 26(b)(4)(D). CyrusOne's decision to track the rule's language on consulting expert privilege, and its

failure to produce anything Snyder or CIC has done, shows that CyrusOne views their work as consultative and immune from disclosure.

But at the same time, CyrusOne has relied on Snyder's unsubstantiated opinions to support its interference theory. Put another way, CyrusOne seems to think that it can retain Snyder and CIC for a specific purpose, over which a privilege may apply, yet also use testimony from them to gain substantive relief against Scientel. CyrusOne has suggested that it intends to call Snyder to testify at trial. (Ex. D, pp. 14-15). The consequences of this sword-and-shield tactic are obvious and inherently prejudicial. Scientel cannot determine how Snyder formed his interference opinions or discover the steps that he followed to reach those conclusions. The Court thus should bar Snyder or anyone affiliated with CIC from offering opinion evidence at the scheduled preliminary injunction hearing.

On this point, the opinions that Snyder seems to offer in both his Declarations are insufficient anyway under *Federal Rule of Evidence 702*. Nowhere does Snyder explain the methodologies he used to render either radio frequency or line-of-sight interference opinions. (Doc. 7-5, ¶¶ 8-14; Doc. 68-4, ¶¶ 8, 9, 11). Instead, he descends straight to a bottom-line conclusion, on a highly technical issue of microwave engineering, without engaging in any scientific analysis and without allowing the Court to assess the reliability of the methods and procedures used. Time and again, the Seventh Circuit has cautioned courts against allowing experts to offer opinions that are unsubstantiated and that omit a genuine "process of reasoning." *Minasian v. Standard Chartered Bank, PLC*, 109 F.3d 1212, 1216 (7th Cir. 1997); *Mid-State Fertilizer Co. v. Exch. Nat. Bank of Chicago*,

3

877 F.2d 1333, 1339 (7th Cir. 1989). CyrusOne not only has shielded Snyder's supposed process of reasoning under the cloak of privilege, but it has failed to produce an adequate report detailing what that reasoning is. On this alternative basis, the Court should exclude any interference opinions Snyder may seek to offer at the preliminary injunction trial.[1]

There's a third reason the Court should not entertain interference opinion testimony at the scheduled trial: interference is unrelated to any remaining claims. The Court's July 16, 2018 Memorandum Opinion and Order disposed of CyrusOne LLC's two federal claims, brought under *Section 253(a)* and *Section 332(c)(7)(B)(iii)* of the Federal Telecommunications Act of 1996. (Doc. 101). Those claims generally alleged that the City of Aurora's legislative decision over the Scientel special-use permit prohibited CyrusOne from providing telecommunications services. *See* 47 U.S.C. §§ 253(a) and 332(c)(7)(B)(iii). That is synonymous with the complaint of signal interference.

But what potentially remains are two state-law zoning claims that deal with historical process and procedure, not a risk of signal interference at some later date. Count III is based on a local ordinance violation, in which CyrusOne claims that Scientel's land-use petition did not meet certain setback and separation standards under the City of Aurora's Telecommunications Ordinance. (Doc. 17, ¶¶ 48-56). Nowhere has CyrusOne claimed that signal interference is embodied within the local ordinance provisions. (*Id.*, Doc. 68, pp. 10-11).

---

[1] Scientel does not object to Snyder's testimony as a fact witness where relevant. For instance, discovery has shown that Snyder commented on Scientel's zoning application in June 2017. (Doc. 88, Exh. 7). The timing of those discussions with CyrusOne is likely pertinent to any remaining state-law claims.

4

Count IV is just as removed from the question of interference. CyrusOne's claim of a procedural due process violation hinges entirely on certain claimed errors before the City during the zoning process: defects in a motion to reconsider at one City Council meeting, cross-examination at the Planning Commission, and evidence presented at another City Council meeting. (Doc. 17, ¶¶ 58-73). Once again, prospective interference is unrelated to this remaining claim, which will examine only past historical facts over what already has occurred and whether the process afforded CyrusOne was constitutional.[2]

Though interference has loomed over this case since its inception, CyrusOne has not developed or disclosed that evidence properly. Even so, opinions about interference, even if properly formulated, are disconnected from the remaining claims. For these reasons, Scientel requests that the Court bar CyrusOne from introducing evidence of radio frequency or line-of-sight interference at the August 20 injunction trial, whether through Snyder, CIC, or otherwise.

Dated: July 31, 2018

                                        Respectfully submitted,

                                        SCIENTEL SOLUTIONS LLC

                            By:    */s/ Kenneth J. Vanko*
                                        Attorney for Scientel Solutions LLC

---

[2] CyrusOne has not pleaded a substantive due process zoning claim under *LaSalle Nat'l Bank v. County of Cook*, 12 Ill. 2d 40, 46 (1957). (Doc. 17, pp. 14-18). But even if such a claim were part of Count IV, CyrusOne already told the Court it does not intend to present evidence associated with it at the injunction trial. (Doc. 98, pp. 2-3, 4).

Kenneth J. Vanko
Emily L. Langhenry
Clingen Callow & McLean, LLC
2300 Cabot Drive, Suite 500
Lisle, Illinois 60532
(630) 871-2600
vanko@ccmlawyer.com
langhenry@ccmlawyer.com

## CERTIFICATE OF SERVICE

I certify that on July 31, 2018 I caused *Scientel Solutions LLC's Motion to Exclude Testimony on Interference* to be served on all counsel via CM/ECF mailing.

>  /s/ *Kenneth J. Vanko*  
>  Attorney for Scientel Solutions LLC