# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CYRUS ONE LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18 C 272 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| THE CITY OF AURORA, ILLINOIS and ) | |
| SCIENTEL SOLUTIONS LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are defendants' motions to dismiss Counts III and IV of plaintiff's first amended complaint [26] and [31] pursuant to Federal Rule of Civil Procedure 12(b)(6)[1]. For the reasons set forth below, defendants' motions are granted in part and denied in part. Count III is dismissed without prejudice; plaintiff may proceed on Count IV.

## BACKGROUND

The Court takes as true the allegations in plaintiff's first amended complaint. The Court also takes into consideration the documents attached to plaintiff's first amended complaint and the documents that defendant City of Aurora (the "City") attaches to its motion to dismiss. *See Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 604 (7th Cir. 2013) (citing *Geinosky v. City of Chicago*, 675

---

[1] The Court previously granted in part and denied in part defendants' motions to dismiss plaintiff's first amended complaint and gave plaintiff leave to file a second amended complaint. (*See* dkt. 101.) In particular, the Court dismissed Count I (violation of 47 U.S.C. § 253(a)) without prejudice and dismissed Count II (violation of 47 U.S.C. § 332(c)(7)(B)(iii)) with prejudice. (*Id*.) The Court did not consider the remaining state law claims (Counts III and IV), stating that it declined to exercise supplemental jurisdiction over the state law claims and that it was unable to establish diversity jurisdiction. (*Id*.) Plaintiff subsequently filed a supplemental jurisdictional statement and established diversity jurisdiction. The Court now considers defendants' motions to dismiss the remaining state law claims (Counts III and IV).

F.3d 743, 745-46 n. 1 (7th Cir. 2012)); *see also Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) ("[Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss.").

The Court assumes familiarity with its previous opinion dismissing Counts I and II of the first amended complaint. (*See* dkt. 101.) In sum, this case involves a dispute over the construction of two telecommunication towers. As alleged in plaintiff's first amended complaint, the first telecommunications tower belongs to plaintiff CyrusOne. On March 14, 2017, the City granted CyrusOne a special use permit, approved a variance for the CyrusOne tower, and amended its telecommunications ordinance to require any entity proposing a new tower to demonstrate that it does not have the ability to utilize an existing tower. CyrusOne says that its 350-foot telecommunications tower was "meant to be a co-location tower that would resolve the frequency congestion issues in the area and equalize wireless access to the [Chicago Mercantile Exchange]." (Dkt. 17, pg. 4.)

The second tower belongs to defendant Scientel. On June 7, 2017, defendant Scientel applied to the City for permission to construct a 195-foot telecommunications tower and develop property that is adjacent to and directly east of the CyrusOne property. Scientel made three proposals in its application: (1) revising the development plan; (2) revising the City of Aurora's Comprehensive Plan; and (2) enacting an ordinance granting a special use permit and separation variance for construction of the proposed telecommunications tower.

On September 20, 2017, the Aurora Planning Commission held a public hearing on Scientel's application. At the hearing, CyrusOne was able to present testimony but did not have the opportunity to cross-examine Scientel's witnesses. Following the hearing, the Aurora Planning

Commission recommended approval of Scientel's application. The Aurora City Council Planning and Development Committee subsequently approved the application. The City Council Committee of the Whole considered the application but referred the matter to the full City Council as unfinished business. The matter was then tabled by the City Council for 2 weeks.

On November 14, 2017, the City Council voted against granting Scientel's request for a variance and special use permit. On November 28, 2017, the City Council voted to reconsider its decision so that it could make the required findings of fact as required by statute and case law.

On January 9, 2018, the City Council reconsidered Scientel's application. During this session, Scientel presented new information—information that was not before the City Council at the time of its prior decision and was not part of the public record. CyrusOne once again did not have the opportunity to cross-examine Scientel's witnesses. CyrusOne also did not have the opportunity to provide rebuttal testimony. Following the hearing, the City Council granted Scientel's application. This suit followed.

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint. *Derfus v. City of Chi.*, 42 F. Supp. 3d 888, 893 (7th Cir. 2014). To survive a motion to dismiss pursuant to Rule 12(b)(6), a pleading that purports to state a claim for relief must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of a motion to dismiss, the Court accepts "as true all of the well-pleaded facts in the complaint and

draws all reasonable inferences in favor of the plaintiff." *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

## DISCUSSION

### *Count III – Violation of Zoning Ordinances*

CyrusOne alleges that the City violated the standards set forth in the City of Aurora zoning and telecommunications ordinances when it issued the special use permit to Scientel.

First, CyrusOne alleges that the City violated Section 19-71 of the City of Aurora Code of Ordinances and Section 10-6.5 of the City of Aurora Zoning Ordinances when the Planning Commission recommended approval of the Scientel tower even though construction the Scientel tower in that location would violate an existing setback ordinance and would needlessly proliferate communications towers in the immediate vicinity. (Dkt. 17, ¶ 51.) Section 19-71(a)(2) generally provides that applications for special use permits are subject to the procedures and requirements of Section 10-6 of the Zoning Ordinance. Aurora, Ill. Code of Ordinances, Sec. 19-71 (1969). Section 10.6-5 of the City of Aurora Zoning Ordinance states that no special use shall be recommended unless the plan commission makes findings based upon Section 11.5-6. Aurora, Ill. Zoning Ordinance, Sec. 10.6-5 (2015). Section 11.5-6 provides, in pertinent part, that the plan commission shall make findings of fact based upon the evidence presented to it and that the commission shall recommend no amendment for approval unless it finds that the proposed amendment:

    A. Is in accordance with all applicable official physical development policies and other related official plans and policies of the City of Aurora;

    B. Represents the logical establishment and/or consistent extension of the requested classification in consideration of the existing land uses, existing zoning classifications, and essential character of the general area of the property in question;

4

> C. Is consistent with desirable trend of development in the general area of the property in question, occurring since the property in question was placed in its present zoning classification, desirability being defined as the trend's consistency with applicable official physical development policies and other related official plans and policies of the City of Aurora.

Aurora, Ill. Zoning Ordinance, Sec. 11.5-5 (2015).

CyrusOne also alleges that the City violated Section 19-77 of the City of Aurora Code of Ordinances because it approved Scientel's application without substantial evidence upon a written record. (Dkt. 17, ¶ 53.) Section 19-77 states that any decision "shall include findings of fact supported by substantial evidence in a written record." Aurora, Ill. Code of Ordinances, Sec. 19-77 (1969).

Defendants move to dismiss, arguing that CyrusOne has not stated a claim under Illinois Zoning Law. Defendants say that courts cannot overrule a municipality's zoning decision that is based only on that municipality's purported failure to follow self-imposed requirements or standards. They say that, even assuming that the City Council's decision ran afoul of local ordinance requirements, any such failure does not give rise to a cause of action. Defendants further argue that Count III is an "*ipso facto*" zoning claim because it does not support a claim of unconstitutional arbitrariness or capriciousness.

"[Z]oning variances are classified as legislative acts for purposes of judicial review under section 11-13-25(a), which means that they will be upheld as long as they represent a rational means to accomplish a legitimate purpose." *Dunlap v. Vill. of Schaumburg*, 915 N.E.2d 890, 904 (Ill. App. Ct. 2009) (internal citations omitted). "To state a cause of action for a violation of substantive due process, a plaintiff must allege that the deprivation of his or her property interest is arbitrary, unreasonable, or capricious, and that the legislation at issue bears no rational relationship to the public welfare." *Whipple v. Vill. of North Utica*, 79 N.E.3d 667, 674 (Ill. App.

5

Ct. 2017). Courts use the six-factor test outlined in *La Salle* when examining the ordinance for arbitrariness:

> (1) The existing uses and zoning of nearby property, (2) the extent to which property values are diminished by the particular zoning restrictions, (3) the extent to which the destruction of property values of plaintiff promotes the health, safety, morals or general welfare of the public, (4) the relative gain to the public as compared to the hardship imposed upon the individual property owner, (5) the suitability of the subject property for the zoned purposes, and (6) the length of time the property has been vacant as zoned.

*Id*. (citations omitted). The Illinois Supreme Court identified two additional factors to consider: (1) whether a comprehensive zoning plan for land use and development exists, and whether the ordinance is in harmony with it, and (2) whether the community needs the proposed use. *Id*. at 675, (citing *Sinclair Pipe Line Co. v. Vill. of Richton Park*, 167 N.E.2d 406, 411 (1960)).

Here, CyrusOne alleges that the City violated its own ordinances (Sections 19-71 and 19-77 of the City of Aurora Ordinances as well as Section 10.6-5 of the City of Aurora Zoning Ordinance) when it issued the special use permit to Scientel. These allegations, alone, do not give rise to a cause of action. *See Landmarks Pres. Council of Ill. v. City of Chi.*, 125 Ill. 2d 164, 179-80 (1988); *see also Condo. Ass'n of Commonwealth Plaza v. City of Chi.*, 924 N.E. 2d 596, 602 (Ill. App. Ct. 2010) (an ordinance enacted by a home rule municipality is not deemed unconstitutional simply because the municipality violated its own self-imposed ordinances). To state a valid claim, CyrusOne must adequately allege that the deprivation of its property interest is arbitrary, unreasonable, or capricious. *See Whipple v. Vill. of North Utica*, 79 N.E.3d at 674. CyrusOne has not done so. Accordingly, the Court finds that CyrusOne has failed to allege a plausible zoning violation claim here, and defendants' motion to dismiss Count III of plaintiff's first amended complaint is granted. Count III of the first amended complaint is dismissed without prejudice.

*Count IV – Due Process Violation*

CyrusOne next claims several due process violations. Section 11-13-25(b) of the Municipal Code provides, "[t]he principles of substantive and procedural due process apply at all stages of the decision-making and review of all zoning decisions." 65 ILCS 5/11-13-25(b). "Procedural due process is founded upon the notion that prior to a deprivation of life, liberty or property, a party is entitled to 'notice and opportunity for [a] hearing appropriate to the nature of the case.'" *Passalino v. City of Zion*, 928 N.E.2d 814, 818 (Ill. 2010) (quoting *Jones v. Flowers*, 547 U.S. 220, 223 (2006). "[D]ue process is a flexible concept, and the specific procedural requirements vary, depending upon the nature of the rights affected and the context in which the deprivation occurs." *Peacock v. Bd. of Trs. of Police Pension Fund*, 918 N.E. 2d 243, 251 (Ill. App. Ct. 2009).

CyrusOne first alleges that it was denied due process when the City reconsidered the denial of Scientel's application. On November 14, 2017, the City Council voted against granting Scientel's request for a variance and special use permit. At the following meeting, on November 28, 2017, the City Council voted to suspend its rules of procedure and voted to reconsider Scientel's application. CyrusOne says that the November 14th vote was final, that the City Council could only have made a motion to reconsider at the November 14th meeting, and that any motion made at a later meeting would have no effect. In support of this argument, CyrusOne points to Section 2-105(c) of the City of Aurora Code of Ordinances, which states that "[n]o motion to reconsider the acceptance/approval or rejection/denial of the recommendation of an advisory body required to hold public hearings shall be entertained except at the same meeting at which the original action was taken." Aurora, Ill. Code of Ordinances, Sec. 2-105(c) (1969). CyrusOne

7

contends that the City does not have unlimited authority to violate its own procedures and that it cannot arbitrarily ignore its own procedural rules.

Defendants dispute this and say that the November 14th vote did not constitute a final order and, if even it did, the City Council acted properly under the rules. Defendants first say that the City Council's November 14th vote could not have been a final vote because it did not conform with Section 332(c)(7)(B)(iii) of the Telecommunications Act, which requires the denial of any request to construct a wireless service facility to be in writing and supported by substantial evidence. *See* 47 U.S.C. § 332(c)(7)(B)(iii). Defendants further say that the City Council properly reconsidered the Scientel application under the rules. During the November 28, 2017 meeting, the City Council voted, pursuant to Section 2-96, to suspend Section 2-105(c) of the City Code in order to entertain motions to reconsider. *See* Aurora, Ill. Code of Ordinances, Sec. 2-96 (1969); Aurora, Ill. Code of Ordinances, Sec. 2-105(c) (1969); *see also* dkt. 28-2.

CyrusOne also says that it was denied due process because it is an interested party that did not have the opportunity to cross-examine witnesses and because the City allowed Scientel to present new evidence during the January 9, 2018 City Council meeting. It says that, as an interested party, it was entitled to notice and a meaningful opportunity to be heard, including the opportunity to test evidence presented through cross-examination and respond to new information presented by Scientel at the January 9, 2018 hearing. Defendants respond that zoning decisions are legislative in nature, and, therefore *de novo* review provides challengers with all the process that is due.

While the City has the ability to suspend its rules, the City Code is silent as to whether this rule is absolute. The Code is also silent as to when a decision becomes final such that it can no longer be reconsidered. Likewise, it is unclear whether CyrusOne was entitled to traditional forms

8

of cross-examination during the proceedings. The cases cited by CyrusOne are not directly on point. And, given the legislative nature of these proceedings, the Court is skeptical of this claim. As explained in the Court's order on plaintiff's motion for preliminary injunction, it appears as though the City, as a home rule unit, did not arbitrarily suspend its rules and that the City provided CyrusOne with adequate notice and an opportunity to be heard throughout the proceedings. However, at this stage, the Court only considers "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky*, 675 F.3d at 745 n.1. Considering these documents only, and accepting CyrusOne's allegations as true and drawing all reasonable inferences in the light most favorable to CyrusOne as it must at this stage, the Court finds that CyrusOne has plausibly stated a claim here. Accordingly, defendants' motions to dismiss Count IV of plaintiff's first amended complaint is denied. CyrusOne may proceed on Count IV.

## CONCLUSION

For the reasons as set forth above, defendants' motions to dismiss [26] and [31] as they relate to Counts III and IV are granted in part and denied in part.

Date: 3/11/2019

Jorge L. Alonso
United States District Judge